REQUESTED BY: Senator Emil E. Beyer, Jr. Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Beyer:
You have indicated in your recent letter that you are contemplating legislation which would allow American Red Cross vehicles to obtain license plates pursuant to Neb.Rev.Stat. § 60-335 (1982 Supp.). In particular you have asked whether or not such a provision would be constitutional. Section 60-335 provides as follows:
 No registration fee shall be charged for any motor vehicle owned by any city or village of this state used in connection with police, street, public transportation, park, library, or fire prevention activities, fire trucks owned and used by any rural fire protection district, a motor vehicle owned and operated by the Civil Air Patrol, nor for any motor vehicle owned and used by any public school district, county, state or United States government, nor any motor vehicles of any municipal public body or authority used in operating a public passenger transportation system. Any motor vehicle owned by this state or any political subdivision as set forth in this section, and exempt from a distinct marking as provided in section 60-1001, may carry number plates the same design and size as provided in section 60-1003.
The question you raise is whether or not vehicles owned by the American Red Cross could be constitutionally exempted from registration fees. It would appear that the American National Red Cross is a particularly unique organization. The United States Supreme Court has held that the American National Red Cross is an instrumentality of the United States for purposes of immunity from State taxation levied on its operation.
 Although there is no simple test for ascertaining whether an institution is so closely related to governmental activity as to become a tax-immune instrumentality, the Red Cross is clearly such an instrumentality. . . . Its principal officer is appointed by the President, . . . . By statute and Executive Order there devolved upon the Red Cross the right and the obligation to meet this Nation's commitments under various Geneva Conventions, to perform a wide variety of functions indispensable to the workings of our Armed Forces around the globe, and to assist the Federal Government in providing disaster assistance to the States in time of need. Although its operations are financed primarily from voluntary private contributions, the Red Cross does receive substantial material assistance from the Federal Government. And time and time again, both the President and the Congress have recognized and acted in reliance upon the Red Cross' status virtually as an arm of the Government.
Department of Employment v. United States, 385 U.S. 355
(1966).
Consequently, it is our opinion that because of the unique character of the American Red Cross, and its close affiliation with the United States government, it is a federal instrumentality that is entitled to exempt status under § 60-335. Therefore, we do not perceive any constitutional infirmity in specifically granting to the American Red Cross such an exemption.
Very truly yours, PAUL L. DOUGLAS Attorney General Ruth Anne E. Galter Assistant Attorney General